George B. Abbott, Public Administrator, etc., Respondent,
*v.* John S. Curran et al., Sidney V. Lowell, Purchaser,
Appellant.

*102 NY 160*
*71 " 280*
*11 " 517 (a)*
*218 " 476*
*246 " 19*

Where, in an action of foreclosure, unknown owners are made defendants, as
authorized by the Code of Civil Procedure (§§ 438, 451), and are described

in the summons, the addition of the words "if any, ' does not invalidate the process.

*It seems* that where, subsequent to the execution of a mortgage, the mortgagor conveys the lands to the mortgagee, by deed which expressly declares that it shall not operate to merge the mortgage, but only to convey the equity of redemption, there is no merger.

In an action to foreclose a mortgage in Kings county, all the parties appeared, save one who was an absentee, and all those appearing consented that the sale be by a referee, and the judgment directed the sale to be so made, the court holding that the consent of those appearing was a sufficient compliance with the provision of the act of 1876 (Chap. 439, Laws of 1876), which requires foreclosure sales in said county to be by the sheriff unless all the parties to the action consent that it be made by a referee. *Held*, that if the court erred, this did not render a sale by the referee void, and was no objection to the title given on such sale.

Where the plaintiff in an action for foreclosure is described as administrator, and as such has prosecuted the action to judgment after proper service on all of the defendants, the judgment and a sale under it may not be assailed because of any irregularity or even want of jurisdiction in granting the letters of administration.

A recital in a grant from the State that it is made for commercial purposes only and for the benefit of commerce imposes no restriction upon the absolute title.

(Argued March 5 1885 ; decided March 24, 1885.)

2 O *und Dig 3 444 appirmused*

THIS was an appeal from an order of General Term, affirming an order of Special Term, which required a purchaser on foreclosure sale to complete his purchase.

The mem. of opinion is as follows:

"We see no reason why the appellant should not complete the purchase made by him at the foreclosure sale. There are no substantial defects in the title which he will acquire by the referee's deed.

"*First.* The premises were sufficiently described in the mortgage foreclosed. They can be definitely located by any competent person going upon the ground with the description, which is not as defective as those found in the several cases where the courts have compelled purchasers to complete purchases.

"*Second.* The summons was sufficient. (Code, §§ 438, 451.) It was addressed to unknown owners who were described, and the words ' if any ' inserted in the summons are not objectionable, and do not invalidate a summons otherwise perfect.

" *Third.* The mortgagor never paid the mortgage, but, subsequently to the giving of the mortgage, conveyed the mortgaged premises to the mortgagee, and hence the claim is made that the mortgage became merged in the legal title, and that it could not be foreclosed. The deed to the mortgagee, however, expressly declared that it should not operate to merge the mortgage, but that it should operate only to convey to the mortgagee the equity of redemption in the premises. As it was the intention of the parties that the deed should not operate as a merger, such intentions hould have effect. (*Spencer* v. *Ayrault*, 10 N. Y. 202.) But even if a merger could have been claimed by any defendant in the action, no such defense was set up or claimed. A regular judgment of foreclosure was entered, and hence no one can claim against a purchaser under the judgment that there was a merger of the mortgage, which would prevent its foreclosure.

" *Fourth.* By chapter 439 of the Laws of 1876 it is provided that foreclosure sales in Kings county shall be made by the sheriff, unless all the parties to the action consent that the sale be made by a referee. In this case the parties who appeared in the action consented that the sale should be made by a referee, and such a sale was ordered by the judgment in which the referee was named. All the parties appeared, except one, who was an absentee. The court apparently held and decided that the consent of all those appearing under such circumstances was a compliance with the statute. If the court erred in this, the error did not render the appointment of the referee illegal, or the sale by him void. It was at most an error which could be corrected by any party to the record by application to the court, or by appeal from the judgment; but a sale made under such circumstances is not invalid because made by a referee, instead of the sheriff.

" *Fifth.* The plaintiff was properly appointed administrator; but even if there was any irregularity in his appointment, his letters were conclusive evidence of his authority until revoked. (Code, § 2591.) And certainly where an administrator has prosecuted an action to judgment, after proper service of summons on all the defendants, the judgment and a sale under

it cannot be assailed by any of them because of any irregularity or even want of jurisdiction in granting the letters of administration.

"*Sixth.* The lands mortgaged were granted by the State, and in such grant it was recited that the grant was made for commercial purposes only, and for the benefit of commerce. But this language in the grant did not impose either a condition precedent or subsequent, or any restriction upon the absolute title. (*Craig* v. *Wells*, 11 N. Y. 315; *Hill* v. *Priestly*, 52 id. 635; *Woodworth* v. *Payne*, 74 id. 196.)"

*Sidney V. Lowell,* appellant, in person.

*H. B. Hathaway* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.