CALEB S. WOODHULL, Respondent, v. ROBERT LITTLE et al., WILLIAM J. NORTHRIDGE, Purchaser, Appellant.

The final order of confirmation of sale in a partition suit has the force and effect of a judgment which binds the parties, where there is complete jurisdiction, whatever errors or irregularities may have preceded it. (2 R. S. 327, §§ 60, 61; Code of Civ. Pro., §§ 1557, 1577.)

Accordingly *held*, that an omission from a referee's advertisement of sale of a portion of the lands embraced in the action and directed to be sold by the judgment did not vitiate a sale by the referee of the omitted portion, where, upon motion made, on due notice to all the parties interested, the sale was confirmed; and that the irregularity was not a defect in the title acquired on such sale.

(Argued March 16, 1886; decided April 13, 1886.)

APPEAL from order of the General Term of the City Court of Brooklyn, made February 6, 1886, which affirmed an order of the Special Term requiring William J. Northridge, the purchaser at a foreclosure sale herein, to complete his purchase. This he had refused to do, because of an alleged defect in the title, which is specified in the opinion.

*S. F. Randall* for appellant. The regulations of the law were not complied with, and there are no statutes which cure the defect. (Title 3, chap. 5, part 3, R. S.; Code, §§ 16, 78.)

*George F. Comstock* for respondent. The omission in the referee's advertisement of sale of a portion of the land to be sold

did not vitiate the sale of such portion. (Code, §§ 1386, 1532–1595, 721; subd. 12, §§ 723, 724; Laws of 1877, chap. 417.) The order of confirmation of sale in partition is in the nature of a final order, judgment or decree, and may be appealed from. If there is jurisdiction and there is no appeal, then it is final to the like extent as other judgments and decisions are final. It cannot be assaulted in collateral proceedings. (Field's Lawyer's Briefs, §§ 495, 497, and cases cited; *Blakely* v. *Calder*, 15 N. Y. 617; *Abbott* v. *Curran*, 98 id. 665, 667; *Wood* v. *Morehouse*, 45 id. 368; *Noble* v. *Cromwell*, 3 Abb. App. Cas. 382; *Lefevre* v. *Laroux*, 22 Barb. 167.)

FINCH, J. The alleged defect upon which the purchaser relies to justify his rejection of the title offered arose in a partition sale which constituted one link in the chain of conveyances. No suggestion is made of any want of jurisdiction in the partition suit over all the parties interested in the land, and such complete jurisdiction must be presumed. The irregularity which occurred was an omission from the referee's advertisement of sale of the portion of the lands here in question. The judgment in the partition suit was rendered in 1876, and directed a sale of all the property by a referee appointed for that purpose, giving six weeks' notice of the time and place. The referee made a map of the premises, which covered twenty-five city blocks and more than one thousand separate lots, and advertised them all for sale under the decree on the 15th day of May, 1878. Following this notice there were ten different adjournments running on to April, 1880, and during this period about one-half of the lots were sold. On the 3d of May, 1880, the referee caused to be published a new notice of sale intended to cover the balance of the lots, but, by some accident or inadvertence, omitting to describe the lands in question, and under that notice these premises were sold. Nobody objected and nobody was misled, and after the sale a motion for confirmation was made upon due notice to all parties interested and the sale was confirmed. After such confirmation the Revised Statutes (2 R. S. 327, §§ 60 and 61), and the Code of Civil Procedure

(§§ 1557 and 1577), make the conveyances executed accordingly " a bar both in law and equity against all persons interested in the premises, parties to the proceedings," etc.  The error in the notice of sale did not render it void.   It was one which could be corrected by any party to the record upon application to the court.   (*Abbott* v. *Curran*, 98 N. Y. 665.)  The case cited was an action of foreclosure in which a sale was made by a referee instead of the sheriff without the consent of all parties to the record.   The final order of confirmation has the force and effect of a judgment which binds the parties where there is complete jurisdiction, whatever errors or irregularities may have preceded it.  (*Blakeley* v. *Calder*, 15 N. Y. 617.)   The defect alleged, therefore, did not invalidate the sale as confirmed by the final judgment rendered, and that judgment is conclusive upon the parties.

The order should be affirmed, with costs.

All concur.

Order affirmed.