AUGUSTUS C. BECHSTEIN, Plaintiff, v. ROBERT D. SCHULTZ and JOHN HOGE, Defendants.

*Foreclosure sale — when the title of the purchaser is not vitiated by a failure to publish notice of an adjournment of the sale.*

In an action to compel the specific performance of a contract for the sale of real estate, the defendant objected to the plaintiff's title, which was derived through a judgment in a foreclosure suit, upon the ground that there was an omission to publish a notice of an adjournment of the foreclosure sale from August 19, 1884, to September 2, 1884, until September 4, 1884, the day on which the sale actually took place, on which day notice of the adjournment in question was published in the same papers as the original notice of sale.

*Held*, that as more than two years had elapsed from the time of the entry of an order confirming the sale, without objection being made by any of the parties, the defendant should be compelled to complete the purchase.

*Woodhull* v. *Little* (102 N. Y., 165); *Abbott* v. *Curran* (98 id., 665) followed.

Controversy submitted under section 1279 of the Code of Civil Procedure.

*Linnus A. Gould*, for the plaintiff.

*William L. Snyder*, for the defendants.

Bartlett, J. :

The purpose of the plaintiff in this litigation is to enforce the specific performance of a contract for the purchase of real property. The plaintiff's title to the premises is derived through a judgment in a foreclosure suit, and the sole objection which the defendants

make to the title is that there was an omission to publish notice of an adjournment of the foreclosure sale from August 19, 1884, to September 2, 1884, until September 4, 1884, the day when the sale actually took place, on which day notice of the adjournment in question was published in the same papers as the original notice of sale.

Section 1678 of the Code of Civil Procedure provides that notice of the postponement of the sale of real property must be published in the paper or papers wherein the notice of sale was published. No doubt a failure to comply with this provision is an irregularity for which the court might set aside the sale upon the seasonable application of a party to the foreclosure suit, but I do not think it constitutes a jurisdictional defect in the proceedings, available to a purchaser more than two years after the confirmation of the sale, without objection by any of the parties.

In *Woodhull* v. *Little* (102 N. Y., 165) it was held that the omission of a referee in partition to give any notice whatever of the sale of one of the parcels of property sold was an irregularity which did not vitiate the sale of that parcel. It is true that this decision turned largely upon the express provisions of statute as to the effects which follow the confirmation of a sale in partition. The case is in point, however, as showing that a much more serious omission than that which is under consideration here was deemed to be only an irregularity, and is expressly spoken of as such. The language used by the Court of Appeals, also, in the case of *Abbott* v. *Curran* (98 N. Y., 665) tends strongly to sustain the conclusion that the sale in question in this controversy was not invalidated by the failure of the referee to advertise the adjournment. A local statute required foreclosure sales in Kings county to be made by the sheriff, unless all the parties to the action consented that a referee should sell. All the parties in the suit appeared and consented to a sale by a referee, except one, who was an absentee. The General Term seems to have held that the consent of all the parties who appeared was a sufficient compliance with the statute. But, says the Court of Appeals, " if the court erred in this, the error did not render the appointment of the referee illegal, or the sale by him void. It was at most an error which could be corrected by any party to the record by application to the court or by appeal from

the judgment, but a sale made under such circumstances is not invalid because made by a referee instead of the sheriff." The order under review was one which required the purchaser at the foreclosure sale thus conducted by the referee to complete his purchase, and the Court of Appeals held that there was no substantial defect in the title, and that the buyer must take it. If such a departure from a statutory requirement as the substitution of one officer to sell in place of another, by whom the sale ought to have been made, does not affect the title of a purchaser, still less can it be held that his title is bad by reason merely of an omission to advertise an adjournment, by which neglect nobody appears to have been injured or misled, and of which there is no complaint whatever by any of the parties to the action.

Upon the agreed case I think judgment should be rendered in favor of the plaintiff, without costs.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment ordered for plaintiff, without costs.