DAVID L. REED, RESPONDENT, v. ALFARETTA REED AND OTHERS, DEFENDANTS.

(ABRAHAM BERNHEIMER, PURCHASER, APPELLANT.)

*An action for partition cannot be brought by a tenant by the curtesy — Code of Civil Procedure, secs. 1538, 1557 and 1577 — all the parties, including infants, are, however, bound conclusively by the entry of a final judgment confirming a sale made in such an action — the only remedy of the infant defendants is an action against their guardian ad litem and his sureties — the failure to give a separate bond to each infant is only an irregularity.*

In this action, brought by the plaintiff against his two infant children for a partition of real estate, of which his wife and their mother died seized, a final judgment was entered confirming the report of a referee, by whom a sale of the property had been made pursuant to the directions of an interlocutory judgment  The purchaser at the sale refused to take title to the premises upon the ground that the plaintiff, whose interest was that of tenant by the curtesy, was prohibited, by section 1538 of the Code of Civil Procedure, from maintaining the action.

*Held*, that an order directing him to complete his purchase should be affirmed.

That, as the final judgment confirming the sale was, by sections 1557 and 1577 of the Code of Civil Procedure, made binding and conclusive upon the plaintiff, each defendant upon whom the summons was served, and the legal representatives of such parties, it ratified and legalized the sale, although made in an action commenced by a person interested in the property, who was not permitted by the Code to maintain it.

That the law intended that after the sale had been made and confirmed all the parties to the action should be deprived of all objections to the regularity and legality of the proceedings in the action. and that no exception in this respect was made in favor even of infant defendants.

*Cromwell* v. *Hull* (97 N. Y., 209); *Woodhull* v. *Little* (102 id., 165) *Abbott* v. *Curran* (98 id., 665) followed; *Scheu* v. *Lehning* (31 Hun, 183) distinguished.

That if the objection had been made by the guardian *ad litem,* as it should have been, that this action was commenced by a person forbidden to institute or prosecute it, that objection would have resulted in its dismissal.

That if the interests of the infants in this estate had been in any way prejudiced or sacrificed by the omission of the guardian *ad litem* to raise the objection, their remedy would be against him, and the sureties on his bond, for omitting to care for and protect the interests of the infants, as that might have been done by a reasonable degree of attention to the allegations made in the complaint.

That the omission to require a bond from the guardian *ad litem* in favor of each of the infants, did not divest the court of the jurisdiction it had acquired over them, and was no more than an irregularity which could not now be made the subject of objection or complaint by the purchaser.

*Croghan* v. *Livingston* (17 N. Y., 218) followed.

That an objection that there may be creditors of the estate, having the right to apply for the sale of the property for the payment of their debts, was answered by the affidavit of one of the defendants, stating that her mother, who was the preceding owner of the property, left sufficient personal property to pay all claims against the estate.

APPEAL from an order denying a motion made by the purchaser Abraham Bernheimer to be relieved from his purchase of certain real estate sold under a decree in partition and from an order directing him to complete such purchase, pursuant to the terms of sale subscribed by him.

*Edward D. Betten,* for the appellant.

*John J. Sullivan* and *Abraham Stern,* for the respondent.

DANIELS, J. :

A sale was made under a judgment in partition recovered by the plaintiff, whose interest in the property was that of a tenant by the curtesy. He was forbidden by section 1538 of the Code of Civil Procedure, from being the plaintiff in such an action, and it is mainly for that reason that the purchaser objects to receiving and taking the title under the purchase. But it appears from the case that after the sale was made it was confirmed by the final judgment directed and entered in the action. And when a sale in partition

has been confirmed by the final judgment, it has been declared by section 1577 of the Code, that it shall be binding and conclusive upon the same persons upon whom a final judgment for partition is made binding and conclusive by section 1557 of the Code. And it effectually bars each of those persons, who is not a purchaser at the sale, from all right, title and interest in the property sold.

The other section here referred to has further declared when the sale may be made by commissioners in partition and confirmed by a final judgment, that it is binding and conclusive upon the plaintiff, each defendant upon whom the summons was served, and the legal representatives of such parties, and being conclusive as it has been so declared to be, the effect of the final judgment is to ratify and legalize the sale, although it may be made in an action commenced by a person interested in the property, who has not been permitted to maintain it. The object of the law evidently has been after the sale has been made and confirmed to deprive the parties to the action of all objection to the regularity and legality of the proceedings in the action, and it has made no exception in this respect in favor even of infant defendants. If the objection had been made by the guardian *ad litem,* as it should have been, that this action was commenced by a person forbidden to institute or prosecute it, that objection would have resulted in its dismissal. But it was not raised or presented to the court in any form whatever, and if the interests of the infants in this estate have been in any manner prejudiced or sacrificed by the omission of the guardian to raise the objection, their remedy will be against him and his sureties in the bond for omitting to care for and protect them, as that might have been done by a reasonable degree of attention devoted to the allegations made in the complaint. If the omission to present the objection resulted from any collusion with the plaintiff in the prosecution of the action he was not entitled to maintain, or from mere oversight, in either event the guardian will be liable to the infants for whatever damages they may have sustained by the sale and disposition of the property, if that has been made for less than it ought to have brought or than it would have realized if their title to it had not in this manner been divested, and that is the only remedy reserved to them under the provisions of the Code giving this conclusive effect to the final judgment. This effect was given to a · judgment in partition by the

decision made in *Cromwell* v. *Hull* (97 N. Y., 209), and the weight to which that case is entitled in this action is not materially diminished by the fact that the action which was then decided proceeded under the provisions of the Revised Statutes; for in that respect those statutes gave the same effect to a final decree in partition as these provisions now do, which are contained in the Code. (2 Rev. Stat. [Edm. ed], 340, § 84; Id., 336, 337, §§ 60, 61.) Under the provisions of those statutes only a joint tenant or tenant in common was authorized to maintain an action for the partition of real estate. (Id., 326, § 1.) And that by implication forbade the action to be brought by a tenant by the curtesy as completely, though not expressly, as section 1538 of the Code of Civil Procedure.

There is no substantial difference in these statutes, and this decision accordingly is binding upon the parties to this action. And since it was made it has been followed in *Woodhull* v. *Little* (102 N. Y., 165). And in principle it is likewise confirmed by *Abbot* v. *Curran* (98 N. Y., 665). The case of *Scheu* v. *Lehning* (31 Hun, 183), stands no way in conflict with this rule, for there it was not made to appear that final judgment confirming the sale had been rendered. In the absence of such confirmation the court would not require the purchaser to take the title, who urged the existence of such an objection. For the law entitles every purchaser of real estate under a judgment in partition, to a title which will be reasonably free from doubt or dispute. The summons and complaint were served upon the infant defendants as that was required to be done by section 130 of the Code of Civil Procedure, and as they were each under the age of fourteen years, the guardian *ad litem* was legally appointed for them the next day after the summons and complaint were served by the court acting under the authority of section 471 of the Code. And the omission to require a bond from the guardian in favor of each of the infants, did not divest the court of the jurisdiction it had acquired over them in this manner. Even if a several bond should have been required in favor of each of the infants, the omission to direct it to be given, and permitting one bond for their joint as well as several benefit, was no more than an irregularity which cannot now be made the subject of objection or complaint by the purchaser. (*Croghan* v. *Livingston*, 17 N. Y., 218.) In that case the court held that the omission to file the bond required, was no more than an

irregularity which was afterwards amendable by the court. And an offer has been made to correct any irregularity in the form of this bond, by executing and filing a bond in favor of each one of the infants if that should be exacted by the purchaser. But he has not insisted upon that being done. He accordingly cannot be relieved from his purchase on account of this alleged defect, even if he should be held right in making the objection. The objection that there may be creditors of the estate, having the right to apply for the sale of the property for the payment of their debts, has been answered by the affidavit of one of the defendants, stating that her mother who was the preceding owner of the property, left sufficient personal property to pay all claims against her estate. These are the substantial, as well as formal objections urged in behalf of the purchaser in support of his application to be relieved from the purchase, and as neither of them is legally well founded, it follows that both of the orders from which the appeals have been taken, should be affirmed with ten dollars costs, besides the disbursements.

Van Brunt, P. J., and Bartlett, J., concurred.

Order affirmed, with ten dollars costs, and disbursements.