BROWNE *v.* PERRIS *et al.*[1]

(*Supreme Court, Special Term, New York County.* June, 1889.)

MORTGAGES—ASSIGNMENT—MUNIMENT OF TITLE.

When the owner of an equity of redemption pays the mortgage debt, and takes an assignment of the mortgage, with the provision that it shall not merge, but remain alive, as a muniment of his title, on his death the mortgage will not be regarded as an existing lien on the premises, and an asset in the hands of his administrator.

William G. Perris became the owner of premises subject to a mortgage, which was subsequently assigned to him, with a provision therein that the same was sold to him "as a muniment of title, and not to merge in the fee of the land covered thereby, which is now owned by the said party of the second part." It was alleged by the plaintiff in his complaint that Perris "entertained a feeling of doubt and uncertainty in respect to the fact whether or not any defect existed in his title to the said real property so acquired by him; and that, at the time of the payment by him of the amount of the said bond and mortgage, in manner aforesaid, he, the said William G. Perris, believed that his said title was subject to a cloud or defect; and that there was some outstanding right or title adverse to the title so acquired by him;" and that, by reason of his belief as to the uncertainty of his title, and for the purpose of protecting and defending it, he purchased the bond and mortgage as a muniment of title. Subsequently, Perris died intestate, leaving him surviving his widow, Maria R. Perris, and Jane E. Perris, his mother, and Frances M. Browne, his sister, his only heirs at law; and thereafter the widow took out letters of administration, and became possessed of the bond and mortgage. Frances M. Browne conveyed her interest in the premises in trust to the plaintiff, Arthur E. Browne, who now sued the widow, individually and as administratrix, joining as a defendant the mother of the intestate, praying for relief that the bond and mortgage be declared to be a muniment of title of William G. Perris and his heirs and assigns; and that the mortgage cease to be a lien upon the premises except as against persons who might claim or assert title adverse to the title of William G. Perris in the premises; and that the plaintiff be adjudged entitled to the possession and custody of the bond and mortgage and the instrument of assignment. The relief asked for by the defendants was that the bond and mortgage be declared a valid and existing lien on the premises, and an asset of the estate of William G. Perris, excepting that Frances M. Browne or the plaintiff might have an assignment thereof upon paying the inventoried value thereof to the administratrix.

*John Aitken,* for plaintiff.    *William W. Niles,* for defendants.

LAWRENCE, J. It has been held that where the equity of redemption is conveyed to a mortgagee, under an express written agreement between the parties that the deed shall not operate as a merger, except at the election of the mortgagee, equity will preserve the two estates distinct, unless the mortgagee appears to have elected that they should be merged. *Spencer* v. *Ayrault,* 10 N. Y. 202; *Compton* v. *Oxenden,* 2 Ves. Jr. 264; *James* v. *Morey,* 2 Cow. 246; *Abbott* v. *Curran,* 98 N. Y. 665. But in all such cases equity will look to the real and actual intention of the parties. Applying this principle to the case at bar, it seems to me that the disposition which should be

[1] From 23 Abb. N. C. 226.

made of it is clear. When William G. Perris took an assignment of the mortgage in question from the New York Life Insurance Company, and paid $4,000 therefor, he took the same as a muniment of title, and it was expressly declared in the instrument of assignment that such was the object thereof, and that the mortgage was "not to merge in the fee of the land covered thereby, which is now owned by the said party of the second part." "Muniments of title" is a general expression for all the means of evidence by which an owner, corporate or individual, may defend title to real property. Abb. Law Dict.; Bouv. Law Dict. It must be held, therefore, that Mr. Perris kept the mortgage alive for the purpose of protecting and defending his title to the property upon which it has been a lien. He had paid the money secured by it to the life insurance company, but kept it outstanding as a means of defending his title, if, for any reason, that title should be attacked. It cannot, in the face of the language of the assignment, be held that he meant to keep the mortgage alive for the purpose of impairing or defeating his interest in the fee to the extent of the consideration expressed in the mortgage. I do not regard section 4, tit. 5, c. 1, pt. 2, Rev. St., as affecting this case, because that section refers to a mortgage which is an actual lien upon the property, and which it was the intention of the owner of the fee to keep outstanding as such. It does not refer to a mortgage which is simply kept outstanding as a muniment of title. The cases of *Spencer* v. *Ayrault*, 10 N. Y. 202, and *Abbott* v. *Curran*, 98 N. Y. 665, do not aid the defendant, because in each of those cases the money had not been, in fact, paid by the mortgagor. Here it was paid by Perris, the owner of the fee, subject to its lien, and the instrument was kept alive, as before stated, for the sole purpose of aiding him in defending his title. To sustain the position of the defendant it must be decreed that the estate of Perris should twice pay the amount of the mortgage, which would not be consonant with equity. I am therefore of the opinion that there should be judgment for the plaintiff, as prayed for in the complaint. Findings may be settled on two days' notice.