### CHRIST *v.* CHETWOOD.

*(City Court of New York, General Term.* December 7, 1892.)

LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN.

Where an attorney collected money in 1879 for an infant who attained his majority in 1884, but had no knowledge of such collection until 1889, the statute of limitations did not begin to run against the infant's claim for such money until he had knowledge of the collection, since Code Civil Proc. § 410, provides that the time of limitation is to be "computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends."

Appeal from trial term.

Action by Bernard B. Christ against Bradbury C. Chetwood for money collected as attorney. Judgment was rendered in favor of plaintiff, from which defendant appeals. Affirmed.

Argued before McGOWN and VAN WYCK, JJ.

*J. G. Ritter* and *J. R. Furlong,* for appellant. *H. G. Loew* and *F. P. Trautmann,* for respondent.

VAN WYCK, J. The plaintiff, in 1877, who was then about 14 years of age, owned, with his sister, then an adult, a bond and mortgage for $5,600, and in that year the same was placed in the hands of defendant, a counselor at law, for the purpose of foreclosure, and he brought such an action and had a guardian *ad litem* appointed therein for this plaintiff, and in that action the property was sold and bought in for the benefit of this plaintiff and his sister. At that time there was due upon the property for taxes $1,274, and $368 costs, with $122 disbursements of foreclosure, making $1,764. In 1879 the property was again sold for $5,600, and this sum was collected by defendant as attorney for this plaintiff and his sister. After deducting the $1,764 from the $5,600 so collected, the defendant then had in his hands $3,836. It is conceded that before this action he had paid out for plaintiff $520, and to plaintiff's sister $1,040, and that he had charged her with the further sum of $500, the same being one half of $1,000 which, he testified in this action, was a reasonable fee for conducting the foreclosure proceedings as attorney for both. Allowing this as a reasonable fee, she has received $1,540, while her half of the $3,836 would be $1,918, and hence she would be entitled to the further sum of $378. However, the court below properly ruled that her claim, if any, was barred by the statute of limitation, and that this plaintiff, who sued herein for himself and as assignee of all her right, title, and interest, could recover nothing as assignee of her claim, but instructed the jury that plaintiff could recover his half, to wit, $1,918, less, of course, the $520, which had been paid, and less one half of what they should find was a reasonable fee for conducting the foreclosure proceedings; and it would seem that they had found substantially with defendant's contention as to the $1,000 fee, for they returned a verdict for plaintiff of only $930. This verdict is not against the weight of evidence, and, moreover, there is no certificate in the case that it contains all the evidence. The main contention of defendant at the trial and on the appeal is that plaintiff's claim, too, was barred by the statute of limitation, as defendant had received this money in 1879, while this action was not commenced against him until May, 1891; but it must be remembered that plaintiff, as the proof shows, became 21 years of age on April 29, 1884; and, if the statute of six years' limitation began to then run, still his claim would be barred, for

this action was not commenced until seven years thereafter. However, plaintiff testifies, at folio 36, that he first discovered and learned that defendant had any moneys in his hands for him in March or April, 1889, and that before that time he had no knowledge or any information that defendant had any money belonging to him, and defendant admits that he had never seen plaintiff from the time that he was a boy, in 1877, until he met him in March or April, 1889. This the trial judge treated as a disputed question of fact, and, as regards the same, instructed the jury that, before the plaintiff could recover at all, they must find that the first knowledge he acquired of there being any indebtedness accruing to him, from or on the part of the defendant, was in 1889, when those matters came up before Mr. Crane, as testified to, and that they were to say from the testimony adduced whether the plaintiff had or had not obtained any knowledge until that time, and that, if he had not, he was entitled to assert his rights there; otherwise not. These instructions are justified by the first subdivision of section 410 of the Code of Civil Procedure, which says: "When the right grows out of the receipt or detention of money or property by an agent, trustee, attorney, or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends." This section was new in 1877, and hence the apparent conflict of some earlier decisions; but, as to attorneys at law, this provision merely lays down the common-law rule that, until a client is notified by his attorney of the collection of money for him, the statute of limitation does not begin to run in favor of the attorney, unless the client has been otherwise informed of the fact. *Bronson* v. *Munson*, 29 Hun, 54. Another contention of defendant is that the court erred in excluding his counterclaim as to services rendered by him in 1877, other than his services rendered in the foreclosure suit and his disbursements therein; but, as to those services, the defendant testifies that they were not authorized by plaintiff, who was then about 14 years old, nor by his general guardian, but by his guardian *ad litem* in the foreclosure suit, who was another than his general guardian, and those services were rendered by defendant in matters disconnected from the foreclosure suit. A guardian *ad litem* has no general authority to bind the infant or his estate, but the authority of such a guardian is limited to the action in which he is appointed, and to the subject-matter thereof, and even here his authority is very limited indeed, for he is authorized to prosecute, not to settle. He can settle only by authority of the court. His admissions will not bind the infant party. He can receive no compensation except by order of the court, and a payment to him of money in the action will not bind the infant or his general guardian, unless the person so paying prove that he has given the security required by law, except it is otherwise specially prescribed by law. The cause of action upon which this counterclaim is founded arose, if at all, 14 years before this action, and the plaintiff attained his majority about 7 years before it was commenced, and so it is concluded that the court below ruled rightly as to this counterclaim.

The judgment and order appealed from are affirmed, with costs.