The defendants rely on the case of People ex rel. Tate v. Dalton, 41 App. Div. 458, 58 N. Y. Supp. 929; but that case is distinguishable in two respects, viz.: First, the court was considering the "strictly confidential" position excepted from the operation of the veterans' acts; and, second, the duties of the position did not involve either the personal responsibility of the appointing power or the responsibility of the municipality.

The conclusion being reached that the relator's position was improperly classified and is not subject to examination, the writ prayed for is granted.

(121 App. Div. 690.)

KNICKERBOCKER INV. CO. v. VOORHEES et al.

In re DAVIES, STONE & AUERBACH.

(Supreme Court, Appellate Division, First Department.   October 25, 1907.)

REFERENCE—ORDER—DEFECT OF PARTIES—WAIVER.
    Where a copy of an order of reference is served on a party, and he knows of the method directed for the service of the order, his objection that all parties are not before the court must be taken on the return of the order, or it is waived.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, § 62.]

Appeal from Special Term.

Action by the Knickerbocker Investment Company against Foster M. Voorhees, William Sherer, the Bankers' Life Insurance Company, and others. From an order denying a motion to vacate the proceedings, defendants William Sherer and the Bankers' Life Insurance Company appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Eugene Van Schaick, for appellant Bankers' Life Insurance Company.
Joseph A. Keenan, for appellant Sherer.
Julian C. Harrison, for respondent.

INGRAHAM, J.   I do not see that the appellants could on this motion take advantage of the objection that all of the parties to the special proceeding were not before the court.   In the affidavit upon which the motion was made, Sherer swears that he did not know, until a motion was made on behalf of Voorhees to vacate the order of reference, that Voorhees had not been properly made a party to this proceeding.   A copy of the order of May 24, 1906, had been served upon him, and he knew of the method for the service of the order directed, and, if he had wished to take the objection that all parties were not before the court, he should have taken it on the return of that order, and, not having done so, it is waived.   So far as appears, the only objection that was taken before the referee was that the order was unconstitutional and void.   The specific objection that there was a defect of parties to the special proceeding was not taken, either before the court at Special Term on the return of the order to show cause or be-

fore the referee. It also appears that the order of May 24, 1906, was affirmed by this court. 100 N. Y. Supp. 1124, 114 App. Div. 912. The question as to what, if any, final order should be entered in this proceeding, can be raised upon the motion to confirm the referee's report.

The order should be affirmed, with $10 costs and disbursements. All concur.

