Michael F. Walsh, J.
Aaron Bogartz, infant plaintiff herein, had been awarded double compensation against Arcy Doll & Toy Manufacturing Company, his employer, under section 14-a of the Workmen’s Compensation Law, half of which was paid by the employer and half by the insurance carrier. Bogartz then started this third-party action against Vincent Astor, the owner of the building in which he was employed. The plaintiff and *159 the defendant agreed upon a settlement. Both the employer and the carrier filed notices of liens against the proceeds of the settlement under section 29 of the Workmen’s Compensation Law.
On July 7,1943 the plaintiff moved for an order to vacate and declare null and void the notice of lien filed by the employer. The motion was argued on July 12 and memoranda of law were submitted. This court, after careful consideration, granted the motion on September 9 (182 Misc. 214).
On September 15, the employer procured the instant order to show cause why an order should not be made herein vacating said decision and dismissing the motion under the order to shovi cause dated July 7, “ upon the ground that the court is without jurisdiction to grant the relief sought by said notice of motion and is without jurisdiction of the said Arcy Doll & Toy Manufacturing Company.”
Under all the circumstances, this motion to vacate is without merit.
The Workmen’s Compensation Law does not provide the manner in which the lien granted under section 29 may be enforced. An examination of the Lien Law and other statutes and the Civil Practice Act fails to disclose an applicable procedure, such as the Lien Law provisions for the enforcement of a hospital lien and the Judiciary Law provisions for the enforcement of an attorney’s lien. There is no provision for a vacatur of said lien.
Where such a lien has been created by statute, and no remedy is provided for its enforcement, resort to a court of equity may be generally had. (Chatfield v. Campbell, 35 Misc. 355, affd. sub nom. Chatfield v. Rodger, 75 App. Div. 631.) This court has jurisdiction of the subject matter.
So, too, where the rights or property of an infant are involved, the Supreme Court will exercise its protective equitable jurisdiction. (Rules Civ. Prac., rule 294; Sproule v. Davies, 69 App. Div. 502, 503, 504, affd. 171 N. Y. 277; Lefevre v. Laraway, 22 Barb. 167.) In the latter case the court stated at page 175: ‘ ‘ Although no application for a resale is made to the court in their behalf, yet such an order can be made on the court’s own motion, in its capacity of universal guardian to all infants, and by virtue of its obligation to exercise a general superintendence and protective jurisdiction over their persons and property, (2 Story’s Eq. Jur. §§ 1334,1337.) Wherever, therefore, in a suit or proceeding in this court, the fact appears that the rights of *160 infant parties have heen invaded, or are in danger of being prejudiced, the court ought, without waiting to be specially invoked to do so, to exercise its protective jurisdiction in behalf of such infant parties.”
In the light of the foregoing, the moneys received by an infant plaintiff by way of settlement are subject to the order of this court. Therefore, the question of jurisdiction, with which we have to deal here, is one of jurisdiction of the person as distinguished from one of jurisdiction over the subject matter. Of course, jurisdiction over the subject matter cannot be conferred by consent or waiver, but jurisdiction of the person and other objections merely in abatement may be so waived. (Bunker v. Langs, 76 Hun 543.) Thus, if the court has jurisdiction of the subject matter, the parties are bound by the practice in which they acquiesced through which jurisdiction was exercised, and thereafter will not be permitted to raise any question with respect thereto. (Ward v. Roy, 69 N. Y. 96; Knickerbocker Investment Co. v. Voorhees, 121 App. Div. 690; Curtis v. Greene, 28 Hun 294, 295; City of Geneva v. Henson, 195 N. Y. 447, 456, 457.) In the case last mentioned condemnation proceedings were instituted under the provisions of the Code of Civil Procedure which did not contemplate a trial of a dispute of title. The court held though that the parties had the right, if they so desired, to submit that issue in connection with other ones to the determination of the Referee instead of seeking a disposition at some other time or within some other tribunal. The court also held that the parties having litigated the question of title, without any objection being made thereto, were bound by the judgment rendered so far as jurisdiction was concerned.
Another analogous state of facts received consideration in the case of Ferguson v. Ruppert (166 Misc. 530, 532), where an offer of settlement had been made in an infant’s action and the Lenox Hills Hospital claimed a lien on the fund under section 189 of the Lien Law. There the statute provided that the lien could be enforced by an action at law, but notwithstanding such provision the court held the lien was subject to an order of this court. It stated at page 533: ‘ ‘ However, it seems to me that the lien is subject to an order of this court, upon due notice to all parties interested in a proceeding to vacate the lien for want of compliance with the statutory requirements, even though there is no specific provision in the statute suggesting or providing for.that relief.”
In support of the pending motion, it is contended that Arcy, the employer, raised the question of jurisdiction on the original motion. The statement of facts in its memorandum of law *161 closed with the sentence: “ Hence, under the provisions of Section 29 of the act, it has a valid lien on the proceeds of the third party action and the Court is without power to vacate the notice of lien.” However, Point III of the same memorandum reads: ‘ ‘ The motion should be denied and the lien should be declared to be a valid and subsisting lien on the proceeds of the third party action.”
The foregoing leads to the conclusion that the employer having participated in the proceeding to the extent that it sought a determination in the first instance on the merits is estopped now from questioning the jurisdiction of the court. The motion to vacate the order to show cause, dated July 7, 1943, and the decision of this court, dated September 9, 1943, is denied.