■ Town of Tonawanda, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim Nos. 44332, 44433, 44474.) Memorandum: We concur with the amount of the award. This affirmance, however, should not be construed as establishing the principle that the value of land subject to various kinds of restrictions may not be affected by the restrictions. The deed of conveyance from the grantor county to the claimant town recited "that the premises hereinbefore described are to be used for municipal purposes only". There is no provision that the covenant should run with the land, be binding upon the grantee's assigns or revert to the grantor. Nor does it appear that the provision is of benefit to the grantor's land or to the lands of others. "In the absence of a reverter clause, a mere statement in a deed that the land is to be used for a specified purpose is merely a declaration of the purpose of the conveyance, and does not in any way limit the grant." (26 C. J. S., Deeds, § 162, subd. [1], p. 1087; *Abbott* v. *Curran*, 98 N. Y. 665, 668.) The only party which would have any right to enforce this restriction is the county and it has taken no action. This situation is very similar to the State's restriction in *Matter of City of New York* (*Upper N. Y. Bay*) (246 N. Y. 1, 22) where in a condemnation by the city the court determined that the title was held by the claimants in fee for "if there has been a breach of the conditions subsequent to the grant the city is not at liberty to take advantage of that omission". See, also, *Matter of East Riv. Gas Co.* (119 App. Div. 350, affd. 190 N. Y. 528) where the award was based on the highest value without diminution by reason of the restriction. The nature of the restrictive covenant on the facts before us did not affect the fair market value of the land to the claimant town and the award should not be disturbed. (Appeal and cross appeal from judgment of Court of Claims granting claimant an award for permanent appropriation of realty.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ. [50 Misc 2d 3.]