## IN EQUITY.

### JOHN KNICKERBACKER vs. ZINA P. EGGLESTON et al.

Although in ordinary cases sales under decrees of foreclosure are to be conducted by the sheriff, yet under the 77th section of the Judiciary Act, the court have the power, whenever it shall be deemed proper, to appoint a suitable person to make the sale, instead of the sheriff.

Where a controversy exists between different Defendants, in relation to the order in which the several portions of the premises should be sold, this course should be adopted; and, instead of directing, a reference preliminary to the decree, to settle the order in which the premises should be sold, a provision should be inserted in the decree of sale, referring it to some suitable person to make the sale, and directing that if it shall appear to such referee, that separate parcels of the mortgaged premises have been conveyed or encumbered by the mortgagor, or by those claiming under him subsequent to the lien of the Plaintiff's mortgage, the referee shall sell the mortgaged premises in parcels, in the inverse order of alienation, according to the equitable rights of the parties who are subsequent grantees or incumbrancers, as such rights shall be made to appear to the referee.

*Rensselaer Special Term, September*, 1847. This was an ordinary bill of foreclosure brought to a hearing upon the bill taken as confessed by the adult Defendants and upon a general answer of the guardian ad litem of the infant Defendants.

It was suggested upon the hearing, that several of the Defendants claimed an interest in separate portions of the mortgaged premises as grantees or mortgagees subsequent to the Plaintiff's mortgage.

HARRIS, Justice.—In such cases, where Defendants having distinct interests in different portions of the mortgaged premises have had no opportunity to have the order in which the different portions of the mortgaged premises should be sold, determined, it has, heretofore, been a matter of course to insert in the decree of sale a provision directing the master making the sale, to sell in such order as to protect the equitable rights of those claiming interest in separate portions of the premises to be sold.

But as the office of master in chancery has been abolished, and under the provisions of the Judiciary Act, the sheriff of the county in which the land to be sold is situated is the proper officer to sell under the decree of foreclosure, unless otherwise provided in the decree, it becomes necessary to adopt some other mode of determining the order in which the several portions of the mortgaged premises should be sold. The questions, usually arising between parties claiming distinct interests in separate portions of mortgaged premises are such as render it improper to refer their settlement to the sheriff. It was suggested by the counsel for the parties upon the hearing that the order of reference to take proof of the facts and circumstances stated in the bill might also contain directions for settling the order of sale so that upon the coming in of the report of the referee, the court might direct in the decree of sale, in what order the premises should be sold.

In this particular case, the course indicated might not be objectionable, but cases may, and probably will, arise, when the Plaintiff against whose claim as set forth in the bill, none of the Defendants have any defence, ought not to be subjected to the delay in obtaining his decree of sale, which would necessarily be caused by a reference to litigate the claims of the Defendants, as between themselves, in order to insert in the decree special instructions with respect to the order of sale. It is desirable that an uniform mode of proceeding in such cases should be adopted. Although in ordinary cases, hereafter, sales under decrees of foreclosure are to be conducted by the sheriff, yet the court have the power, under the 77th section of the Judiciary Act, whenever it shall be deemed proper, to appoint a suitable person to make the sale instead of the sheriff.

In cases involving questions of any difficulty, this undoubtedly should be done, I think where a controversy exists between different Defendants in relation to the order in which the several portions of the pre-

mises should be sold, this course should be adopted and instead of directing a reference preliminary to the decree to settle the order in which the premises should be sold, a provision should be inserted in the decree of sale referring it to some suitable person to make the sale and directing, that, if it shall appear to such referee, that separate parcels of the mortgaged premises have been conveyed or encumbered by the mortgagor, or, by those claiming under him subsequent to the lien of the Plaintiff's mortgage the referee shall sell the mortgaged premises in parcels in the inverse order of alienation according to the equitable rights of the parties, who are subsequent grantees or incumbrancers as such rights shall be made to appear to the referee.

The order of reference, required by the 91st rule must be made in this cause, and if upon the coming in of the report of the referee, it shall appear, that the Plaintiff is entitled to a decree of sale, the Defendants will be entitled to have such provisions inserted in the decree as shall protect their rights in the manner already indicated.