MARY JANE SPROULE, as Trustee under the Will of JAMES
    SPROULE, Deceased, Respondent, *v.* SARAH DAVIES et al.,
    Defendants.

Morris Jacobs, Appellant.

CONSTITUTIONAL LAW — VENDOR AND PURCHASER — FORECLOSURE
SALE IN KINGS COUNTY BY REFEREE INSTEAD OF SHERIFF DOES NOT
AFFECT THE TITLE. Chapter 167 of the Laws of 1889, amending chap-
ter 439 of the Laws of 1876, and requiring sales of real estate in Kings
county under judgment or decree to be made by the sheriff, except in
cases therein specified, does not conflict with article 6 of the Constitution,
providing "That there shall be the existing Supreme Court with gen-
eral jurisdiction in law and equity," and is valid. A direction, however,
made by the court of its own motion in a judgment of foreclosure that
the sale should be made by a referee instead of the sheriff, while a viola-
tion of the statute, constitutes a mere irregularity which does not affect
the title of the purchaser, nor does it entitle him to be relieved from his
purchase.

*Sproule* v. *Davies*, 69 App. Div. 502, affirmed.

(Argued May 6, 1902; decided May 20, 1902.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 17, 1902, which affirmed an order of Special Term
denying a motion to relieve an assignee of the purchaser at a
foreclosure sale from taking title.

The facts, so far as material, are stated in the opinion.

*Edward T. Horwill* for appellant. The law requiring the
sheriff to sell is constitutional and a sale made in violation
thereof is "unauthorized and void." (*Kerrigan* v. *Force*,
9 Hun, 185; 68 N. Y. 381; *Matter of Vil. of Middle-
town*, 82 N. Y. 199; *People ex rel.* v. *Crissey*, 91 N. Y. 640;
*Board of Supervisors* v. *Allen*, 99 N. Y. 538; *Ferguson* v.
*Ross*, 126 N. Y. 464; *People ex rel.* v. *Murray*, 149 N. Y.
373.) A purchaser on a partition or foreclosure sale has a
right to expect that he will acquire a good title, and the law
presumes that he bids with that object in view. (*Jordan* v.

*Poillon*, 77 N. Y. 518.) The title is not marketable. (*Brokaw* v. *Duffy*, 165 N. Y. 391.) A purchaser of land at a judicial sale is entitled to a marketable title and one free from reasonable doubt as to its validity. (*Brokaw* v. *Duffy*, 165 N. Y. 391; *Greenblatt* v. *Hermann*, 144 N. Y. 13; *Toole* v. *Toole*, 112 N. Y. 333; *Fleming* v. *Burnham*, 100 N. Y. 1; *Hecker* v. *Sexton*, 43 Hun, 593; *Lake* v. *Kessel*, 64 App. Div. 540.) A purchaser at a judicial sale thereby becomes a party to the record, and stands in the same relative position as a party to the action, so far as making motions in the action is concerned. (*Rice* v. *Barrett*, 102 N. Y. 162; *Brokaw* v. *Duffy*, 165 N. Y. 391.)

*H. C. M. Ingraham* for respondent. The sale made by the referee was valid. (*Kerrigan* v. *Force*, 68 N. Y. 381; *Abbott* v. *Curran*, 98 N. Y. 665; *Woodhull* v. *Little*, 102 N. Y. 165.) The act of 1876 as amended by the act of 1889 is directory merely and not mandatory. (17 Am. & Eng. Ency. of Law [2d ed.], 961; *R. & C. R. Co.* v. *Sibert*, 97 Ala. 393; *Matter of Davies*, 168 N. Y. 89; *Jenkins* v. *Putnam*, 106 N. Y. 272.) Titles derived through a sale by a referee appointed in disregard of the Sheriff's Act are not considered unmarketable. (*Abbott* v. *Curran*, 98 N. Y. 668; *Dickenson* v. *Dickey*, 14 Hun, 617.) Chapter 439 of the Laws of 1876, if mandatory, is unconstitutional. (Const. of N. Y. art. 4, § 6; *People* v. *Nichols*, 79 N. Y. 582; *Alexander* v. *Bennett*, 60 N. Y. 204; *Popfinger* v. *Yutte*, 102 N. Y. 42; *Mussen* v. *A. G. Works*, 63 Hun, 367; *Daniels* v. *Tearney*, 102 U. S. 418; *Applegate* v. *Lexington*, 117 U. S. 267; *Simmons* v. *Saul*, 138 U. S. 454; *People* v. *Sturtevant*, 9 N. Y. 267; *Matter of Cooper*, 22 N. Y. 67; *Striker* v. *Kelly*, 2 Den. 323.)

CULLEN, J. The application of the appellant is based on an irregularity in the proceedings in that the judgment directed the sale to be made by a referee appointed by the court instead of by the sheriff of the county of Kings, as

required by chapter 439, Laws of 1876, amended by chapter 167, Laws of 1889. The amended statute reads: " All sales of real estate made in the county of Kings under judgment or decree of any court, except sales in actions of partition, and where the sheriff of said county is a party, and excepting where all the parties to the suit, both those who do and those who do not appear, shall execute and file a written stipulation in due form consenting to a sale by a referee, shall be made by the sheriff of the said county of Kings." No consent to the appointment of a referee was made by any party. The judge at Special Term of his own motion inserted in the decree the name of a referee in the place of the sheriff of the county, presumably on the theory that the statute was an unconstitutional invasion of the prerogatives of the court.

We have no doubt as to the constitutionality of the statute, or that the judge at Special Term should have complied with its provisions. Shortly after the enactment of the original statute a proceeding was brought to test its validity, and its constitutionality was affirmed by this court. (*Kerrigan* v. *Force*, 68 N. Y. 381.) The amended statute is subject to no criticism not equally applicable to the law before the amendment. But the attack now made on it is on a different ground from that considered in the *Kerrigan* case. It is contended that the act is in conflict with the provisions of section 6, article VI of the Constitution which provides: " There shall be the existing supreme court, with general jurisdiction in law and equity." We think the claim is without force. Prior to the Constitution of 1846, of which the judiciary article of 1869 was merely an amendment, the courts did not as a rule possess the appointment of the officers by whom their mandates and decrees were executed. The judgments of the common-law courts were enforced by the sheriff, and in case of his disqualification by the coroner, a practice which obtains to this day. Sales under decrees in chancery were made by masters in chancery, officers appointed by the governor on confirmation by the senate. (1 R. S. p. 106, § 1.)

The authority of the court to appoint referees to sell seems to have been derived from section 77 of the Judiciary Act of 1847 (Chap. 280). (See *Knickerbacker* v. *Eggleston*, 3 How. Pr. 130.) Therefore, such appointments were no part of the former jurisdiction either of the Supreme Court or of the Court of Chancery. This statement does not apply to the appointment of referees to hear and determine actions. We agree with the view of Judge BARTLETT in the court below that referees to sell are administrative officers rather than judicial, except in the broad sense of the latter term as including all matters connected with the administration of justice or the action of the courts. *Matter of Cooper* (22 N. Y. 67) is authority for the proposition that in its admission of attorneys and counselors the Supreme Court acts judicially in the sense to which I have referred. But it is also authority for the further proposition that the Constitution of 1846 did not restrict the power of the legislature to prescribe the manner of and the qualifications for the admission of attorneys.

But though we are clear that the act is constitutional and that it was the duty of any judge holding court to comply with the legislative mandate, we think the departure from it in this case did not affect the validity of the judgment or the title acquired by the purchaser. Had any of the parties to the action appealed from the provision of the judgment directing the sale by the referee it doubtless would have been reversed and the sale ordered to be made by the sheriff. It may be also that if a party to the action had promptly moved to set aside the sale the motion would have been granted. But no such application was made. The parties are satisfied with the sale and resist the motion of the purchaser to be relieved from it. In *Abbott* v. *Curran* (98 N. Y. 665) a sale having been made by a referee in violation of this statute before its amendment, this court held that such violation constituted a mere irregularity which did not affect the title of the purchaser nor entitle him to be relieved from his purchase. That decision controls the disposition of the present case. Doubtless on its authority many titles have

been passed in Kings county. It has thus become a rule of property which we would not be justified in overturning or even casting a doubt upon.

The order appealed from should be affirmed, but without costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Order affirmed.