(162 App. Div. 321)

### CRAMP v. DADY et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. PLEADING (§ 336*)—PROCESS (§ 149*)—SUFFICIENCY OF EVIDENCE—SERVICE OF PROCESS IN FORMER PROCEEDINGS.

In an action for partition, where plaintiff claimed that the rights of certain of the defendants had been terminated by a decree in a former partition proceeding, evidence *held* to sustain a finding of the trial court that the ancestor, through whom the defendants claimed, had not been served with the summons or complaint in the former proceedings, and was therefore not precluded by the decree.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1017–1021, 1024; Dec. Dig. § 336;* Process, Cent. Dig. §§ 202–205; Dec. Dig. § 149.*]

2. JUDGMENT (§ 712*)—REPORT OF REFEREE IN FORMER PROCEEDINGS—PERSONS CONCLUDED.

A referee's report in the former proceedings, which stated that the defendants' ancestor had conveyed her interest in the premises to another,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is not competent evidence against the defendants, since their ancestor was not a party to that action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1233; Dec. Dig. § 712.*]

3. PARTITION (§ 63*)—SUFFICIENCY OF EVIDENCE—TITLE.

Where it appeared that plaintiff's predecessor in title had purchased the premises at a sale in former partition proceedings, and the report of such sale by the referee was confirmed by the court, but the terms of such sale required only 10 per cent. of the purchase price to be paid at the time of sale, the balance to be paid when the deed was delivered, and there was no evidence that the deed had been delivered, a finding that the referee never conveyed the premises to plaintiff's predecessor must stand.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 183–185; Dec. Dig. § 63.*]

4. PARTITION (§ 110*)—PRESUMPTION—POSSESSION.

Where a purchaser at a partition sale had been in undisputed possession of the premises as owner of certain interests therein, prior to the sale, the fact that he remained in possession after the sale creates no presumption that the referee issued a deed to him.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 398–400; Dec. Dig. § 110.*]

5. ADVERSE POSSESSION (§ 112*)—BURDEN OF PROOF.

One who claims a title by adverse possession in a suit for partition has the burden of establishing such title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 651, 653, 654, 657–659, 661–663, 665, 666; Dec. Dig. § 112.*]

6. LIFE ESTATES (§ 8*)—ADVERSE POSSESSION—ACCRUAL OF RIGHT.

Until the precedent life estate is terminated, so that a remainderman has a right of possession, the possession of another is not adverse to such remainderman, and title by adverse possession cannot be claimed against the remainderman until 20 years after the death of the life tenant.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 24–28; Dec. Dig. § 8.*]

Appeal from Queens County Court.

Action for partition by Herbert W. Cramp against Chester A. Dady and others. From a judgment in favor of the plaintiff and certain of the defendants, the other defendants appeal. Reversed, and new trial ordered.

See, also, 145 N. Y. Supp. 1118.

Argued before JENKS, P. J., and THOMAS, CARR, and PUTNAM, JJ.

Harry W. Moore, of Mineola, for appellants Smalley and Bedell.

Wilmot L. Morehouse, of Brooklyn, for appellants Davis, Rooney, and others.

Edward L. Frost, of Brooklyn, for respondents Cramp, Miles, and Dady.

JENKS, P. J. The action is partition. The plaintiff and the defendants Miles and Dady assert the same title, and contend that the other defendants appellants have been divested of all interest. As to the defendants Smalley (born Bedell) and her father, Bedell, of which defendants the former is the only heir at law and next of kin

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of her mother, Mary Ann Bedell, and the latter was the husband of Mary Ann Bedell, the plaintiffs contend that Mary Ann Bedell's estate as remainderman in fee in and to an undivided one-tenth of the premises was terminated by a partition action in 1869, wherein R. H. Tucker was the plaintiff, and also by an unrecorded deed of November 23, 1869, made during that partition action by the said Mary Ann Bedell to said Tucker.

[1] The plaintiff alleged that the summons and complaint in the said partition action of 1869 were served upon the said Mary Ann Bedell, who died in 1901. The court found that, although Mary Ann Bedell was named as a party to that action, she was not served with the summons and complaint, and that her husband was not a party. I think that this finding must stand. The proof relied upon by the plaintiff to the contrary is the testimony of the said defendant Bedell and of a sister of the said Mary Ann Bedell, called as witnesses by the defendants. But Bedell finally testified that he did not know of the service of papers upon his said wife, and the said sister finally testified that she did not know of her own knowledge whether there was any service of papers upon Mary Ann Bedell. This finding is in accord with the order of reference in the said action of 1869, read in evidence by the plaintiff, which recites:

"On reading and filing proof of personal service on all the defendants (excepting the defendants Mary Ann Bedell and Benjamin P. Bedell, her husband, who is described in the summons and complaint by the name of John, his real name being at that time unknown to the plaintiff)," etc.

[2] As to the alleged unrecorded deed from Mary Ann Bedell to Tucker, the court found that there is no deed of record, and also that no unrecorded deed was produced and read in evidence on the trial. This finding should stand. The plaintiff relies upon a statement in the report of the referee as to title, included in the judgment roll in the said action of 1869. That report, read in evidence by the plaintiff, states that the plaintiff "has also acquired the interest of Mary Ann Bedell and of her husband, John (sic) Bedell, defendants herein." And Schedule A, the abstract referred to in that report, sets forth:

"Mary Ann Bedell and John (sic) Bedell, her husband, to Richard H. Tucker. Deed dated November 23, 1869. Recorded in ———."

It is not necessary to consider the probative force of this alleged proof as against these defendants. It was not competent as against them, inasmuch as their ancestor, the said Mary Ann Bedell, and the said Bedell, were not parties to the said partition action of 1869. The rule is well stated in Railroad Equipment Co. v. Blair, 145 N. Y. 607–610, 39 N. E. 962. See, too, Dingley v. Bon, 130 N. Y. 607–612, 29 N. E. 1023.

[3] As to the other defendants appellants, it is established that their ancestors were parties to the said partition action of 1869. Tucker, the plaintiff in that suit, is the ancestor of this plaintiff and of the defendants Miles and Dady. The plaintiff, as against these said defendants, relies on the fact that Tucker became the purchaser at the partition sale held in 1870 in the said partition action of 1869 It

was decreed in the interlocutory judgment in that action that such sale be made for cash, and the referee received directions for the performance of his duties with respect to the life tenancies, the discharge of liens, and the distribution of the proceeds. The referee's terms of sale provided that 10 per cent. should be paid to the referee at the time and place of sale, and the residue to the referee on July 29th, when the referee's deed would be ready for delivery. The sale was had and the terms of sale, which were subscribed by R. H. Tucker, the plaintiff in that action, show:

"I have this 29th day of June, 1870, purchased the premises described in the above annexed printed advertisement of sale for the sum of $3,800, and hereby agree to comply with the terms and conditions of the sale of said premises as above mentioned and set forth. Dated New York, June 29, 1870. Richard H. Tucker, Hunterspoint, Queens County."

The referee reported that the said plaintiff, R. H. Tucker, had become the purchaser for $3,800 (being $500 more than the existing mortgages). But the court found that there is no deed of record from the said referee to R. H. Tucker, and that the said referee never conveyed the premises to R. H. Tucker. I think that these findings must stand.

There is not sufficient proof to establish that Richard H. Tucker ever completed his purchase. The referee's report of sale was but that Richard H. Tucker had become the purchaser on the day of sale, June 29, 1870, had signed the terms of sale, and had complied therewith. The report is dated July 7, 1870, and it was confirmed on July 9, 1870. The terms of sale required but the payment of 10 per cent. on the day of purchase and the balance on July 29th. It does not appear that there was any variance of the terms of sale, or that the purchaser elected to pay the entire sum of his bid. The report is consonant with a sale under such terms, and the report is but confirmatory of the sale in accord with them, as it had progressed up to the date of the report. But the dates of the report and of the order of confirmation were 20 and 22 days, respectively, before the day set for the completion of the purchase. The purchaser did not obtain any title, legal or equitable, previous to the delivery of a deed to him. Harrigan v. Golden, 41 App. Div. 424, 58 N. Y. Supp. 726; Cheney v. Woodruff, 45 N. Y. 98; Mitchell v. Bartlett, 51 N. Y. 447; Ainslie v. Hicks, 13 App. Div. 388, 43 N. Y. Supp. 47, affirmed 153 N. Y. 643, 47 N. E. 1105. But in 1873 R. H. Tucker undertook to convey the premises to his father, R. S. Tucker, from whom by several mesne conveyances this plaintiff and the defendants Miles and Dady have become vested with whatever title was in these their said ancestors.

[4] There is no presumption, arising from the possession of R. H. Tucker when he executed the deed to his father, R. S. Tucker, that R. H. Tucker held under a deed in the said partition action, for at the time R. H. Tucker began his said partition action in 1869 he was in possession perforce of his acquisition of two outstanding life estates and entitled to an undivided one-seventh part of the premises, subject to certain mortgages, which possession seems never to have been dis-

turbed. I think that such possession, which is thus referable to a clear record title, will not warrant the presumption that R. H. Tucker held by deed from the referee in the partition action of 1869.

[5, 6] The plaintiff also contended for title by adverse possession. The burden was on the plaintiff to establish it. Lewis v. New York & Harlem R. R. Co., 162 N. Y. 202, 56 N. E. 540. But I think that plaintiff could not succeed, because the 20 years requisite had not elapsed between the termination of the prior life estates in the premises, namely, March 17, 1891, when the rights of the remaindermen to possession accrued, and the time when this action was begun, namely March 4, 1910. Until that precedent life estate was terminated, so that the remainderman had the right of possession, there could be no possession adverse to him. See Simis v. McElroy, 160 N. Y. 156, 54 N. E. 674, 73 Am. St. Rep. 673; Clute v. N. Y. C. & H. R. R. R. Co., 120 N. Y. 267, 24 N. E. 317; Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994; Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905.

So far as the partition action of 1869 is concerned, there is, as I have said, not sufficient proof that R. H. Tucker ever completed his purchase. I shall not consider the several letters written to R. H. Tucker four years subsequent to the sale in 1870 by Murray Hoffman, Jr., guardian ad litem for certain infant defendants in that action, which make for the defendants, for the reason that I am, at least, very doubtful of their competency; but the letters written by R. H. Tucker to Mr. Hoffman several years after the sale make for the belief that the said partition action was never ended by a completion of the purchase.

In fine R. H. Tucker could and did convey whatever interest he had in the premises; but he did not acquire any interest perforce of the said partition action of 1869, save as a purchaser at the sale who never completed his purchase, and as to whom the sale, for aught that appears, still remains open. I am not prepared to say that even now an application would not lie looking towards a completed sale ordered under the judgment in that action of 1869, when mutatis mutandis the court could and would direct the continuance of that action to a finality.

Doubtless the plaintiff, and the defendants Miles and Dady, were entirely innocent in their belief that R. H. Tucker had acquired whatever interest he could have acquired perforce of a partition suit which had terminated in a completed sale to Tucker, with a deed to him in due course. They are unfortunate, probably through the shortcomings of others; but the innocent defendants should not suffer, nor can their property rights be disregarded.

The judgment of the County Court of Queens County is reversed, and a new trial is ordered, but without costs of this appeal. All concur.