JOHN MULSTEIN COMPANY, Respondent, *v.* CITY OF NEW YORK et al., Respondents, and ALBERT H. T. BANZHAF, as Receiver of WILLIAM K. LUX, Appellant.

Supplementary proceedings — mechanic's lien — title of receiver in supplementary proceedings superior to lien filed after commencement of proceedings — bond of receiver must be filed with clerk of county wherein action was tried and judgment roll is filed — effect of failure to file bond with proper clerk.

1. The title of a receiver in supplementary proceedings, who has properly qualified, to a fund due the judgment debtor relates back to the date of the commencement of the supplementary proceedings, and is superior to liens filed subsequent to that date. (*McCorkle* v. *Herrman*, 117 N. Y. 297, followed.)

2. A supplementary proceeding, though for some purposes a special proceeding, is still but supplementary to the execution and in aid of the judgment, and a proceeding in the action, at least for the purpose of determining where papers are to be filed. Section 715 of the Code of Civil Procedure, requiring that "a receiver, appointed in an action or special proceeding, must, before entering upon his duties, execute and file with the *proper clerk*, a bond to the people," must be construed to signify the clerk of the county in which the action was triable and in which the judgment roll was filed. (*Matter of Backus*, 91 App. Div. 266; affd., 179 N. Y. 571, distinguished.)

3. A receiver in supplementary proceedings, who has failed to file his bond in the county wherein the original action was tried and the judgment roll filed, takes no title to the property of the judgment debtor, since such property vests only in a receiver "who has duly qualified" (Code Civ. Pro. § 2468), and the receiver has not duly qualified until he has given the bond required and filed it with the proper clerk. (*Wright* v. *Nostrand*, 94 N. Y. 31, distinguished.)

*Mulstein Co.* v. *City of New York*, 160 App. Div. 890, affirmed.

(Argued December 9, 1914; decided January 5, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1914, affirming a judgment in favor of plaintiff and defendants, respondents, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick W. Murphy* for appellant. The receiver was duly appointed and he duly qualified. (*Wright* v. *Nostrand*, 94 N. Y. 33; *Matter of Backus*, 91 App. Div. 266; 179 N. Y. 571; *Matter of Buchsbaum* v. *Lane*, 63 Misc. Rep. 374.) The funds in the hands of the comp- troller at the date of the service of the order in supple- mentary proceedings were property which became vested in the receiver. (Code Civ. Pro. §§ 2467, 2469, 2470; *McCorkle* v. *Hermann*, 117 N. Y. 297; *Armstrong* v. *McLean*, 153 N. Y. 497; *Ward* v. *Petrie*, 157 N. Y. 307; *Reynolds* v. *Ætna Life Insurance Co.*, 160 N. Y. 636; *Wrede* v. *Gilley*, 132 App. Div. 293; *Hermann & Grace* v. *City of New York*, 130 App. Div. 531; *Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178.)

*William Godnick* and *Ludwig M. Wilson* for plain- tiff, respondent, and for N. Ryan Company et al., defendants, respondents. The appellant has not quali- fied as receiver pursuant to the provisions of the statute. (*Edgerly* v. *Blackburn*, 140 App. Div. 419; *Staats* v. *Wemple*, 2 How. Pr. [N. S.] 161; *Dubois* v. *Cassidy*, 75 N. Y. 298; *Johnson* v. *Martin*, 1 T. & C. 504; *Bareither* v. *Broshi*, 19 Civ. Pro. Rep. 446; *Banks* v. *Potter*, 21 How. Pr. 469; *First Nat. Bank* v. *Yates*, 21 Misc. Rep. 373; *Ward* v. *Roy*, 69 N. Y. 96; *Hyatt* v. *Dusenbury*, 12 Civ. Pro. Rep. 152; *Matter of Graves & Scoville*, 12 Civ. Pro. Rep. 165.) The liens are superior to the claims of the receiver as the lienors are purchasers in good faith. (*Droege* v. *Baxter*, 69 App. Div. 58; *Nicoll* v. *Spowers*, 105 N. Y. 1.)

*E. D. Miner* and *A. B. Morrison* for G. B. Raymond & Co., defendant, respondent.

*Frank M. Avery* for William O. Fredenburg et al., defendants, respondents.

Miller, J.   This is an action to foreclose a lien on a public improvement.   The contest is between mechanic lienors and the appellant, a receiver appointed in proceedings supplementary to an execution issued on a judgment against the principal contractor rendered prior to the award of the contract between him and the city of New York, out of which the fund in controversy arose.   The said judgment was entered and the judgment roll filed in the county of Nassau on the 15th day of February, 1912. The judgment debtor resided in Kings county.   The order for his examination was granted by a justice of the Supreme Court and was served on July 23, 1912.   On August 2, 1912, the said justice made an order appointing the appellant receiver of the property of the judgment debtor.   The order required the receiver to give a bond in the penalty of $3,500 and to file it in the office of the clerk of the county of Kings.   It also directed that the order itself be filed in the office of the clerk of the county of Kings.   Pursuant thereto the bond of the receiver was filed in the office of the clerk of the county of Kings on August 8th, 1912.   On the 30th of September, 1912, the justice who granted the order appointing the receiver made an order *nunc pro tunc* so as to provide that the order be filed in the office of the clerk of the county of Nassau, and pursuant thereto the order was filed in the county of Nassau on the 7th day of October, 1912, and a certified copy was filed in the county of Kings on the 9th day of October, 1912.   The bond, however, was not filed in the county of Nassau.   The assignment to the defendant G. B. Raymond & Company for a valuable consideration was prior to July 23, 1912.   The liens of the other defendants, however, are subsequent thereto, and the question is whether they are subordinate to the title of the receiver, which by relation is claimed to date from that time.   The contract for the public improvement in question was completed and performance was accepted by the city on the 1st day of August, 1912.   By the

terms of the contract the city had thirty days thereafter in which to make payment.

Upon performance of the contract the contractor undoubtedly had an interest in the fund, although payment was not due, which would pass to a receiver. The liens of the respondents are for labor performed and materials furnished for the said public improvement, and it would seem that those who contributed to the creation of the fund in controversy justly had the better right to it, but, of course, the priority of the liens depends upon the statutes under which they are asserted. Whatever our view might be, if the case were one of first impression, we are constrained by the decision in *McCorkle* v. *Herrman* (117 N. Y. 297) to hold that, if the receiver had properly qualified, his title related back to the date of the commencement of the supplementary proceedings and is superior to liens filed subsequent to that date. The point was directly involved and squarely decided in that case, and while we have been requested to re-examine the question, we regard it as peculiarly one on which an authoritative decision of this court should be considered final, involving, as it does, the question of priority of liens depending solely upon the construction of statutes. If the legislature considers that a judgment creditor ought not to be permitted by the appointment of a receiver in supplementary proceedings to gain a preference over mechanic lienors, whose notices of liens are subsequently filed, it can guard against that by a simple amendment of the Lien Law.

The respondents have succeeded thus far upon the point that the appellant did not get title for the reason that his bond, as receiver, was not filed in the proper county. The argument on this point is technical. The question is purely one of statutory construction. Section 2468 of the Code of Civil Procedure provides: "The property of the judgment debtor is vested in a receiver, who has duly qualified, * * *." Section 2467 requires the order

appointing the receiver to be filed in the office of the clerk "wherein the judgment-roll in the action is filed." There is no section in the title relating to supplementary proceedings prescribing where the bond of the receiver must be filed, but there is a general section which provides: "A receiver, appointed in an action or a special proceeding, must, before entering upon his duties, execute and file with the proper clerk, a bond to the people, with at least two sufficient sureties, in a penalty fixed by the court, judge, or referee, making the appointment, conditioned for the faithful discharge of his duties as receiver." (Section 715.) The question then is who is the "proper clerk" in the case of a receiver appointed in proceedings supplementary to execution.

The appellant relies upon the general definition of the word "clerk" in subdivision 4, section 3343, which is: "The word, 'clerk,' signifies the clerk of the court, wherein the action or special proceeding is brought, or wherein, or by whose authority, the act is to be done, which is referred to in the provision in which it is used. If the action or special proceeding is brought, or the act is to be done, in or by the authority of the Supreme Court, it signifies the clerk of the county wherein the action or special proceeding is triable, or the act is to be done." The claim is that the supplementary proceeding was "brought" and was "triable" in the county of Kings, and that, therefore, the proper clerk was the clerk of Kings county. While the Code provides that a supplementary proceeding is a special proceeding (Section 2433), I think it is not a distinct special proceeding as those words are used in the said definition. That definition refers to the "clerk of the court wherein the action or special proceeding is brought." If it is brought "in or by the authority of the Supreme Court" the word signifies the clerk of the county wherein it is triable; but this is not a special proceeding in court, nor was it brought in or by the authority of the Supreme Court; it was a proceed-

ing instituted before a judge out of court, supplementary to an execution, to enforce a judgment rendered in an action. It was in effect a proceeding in an action auxiliary to, and in aid of, the judgment rendered therein; and if the said definition applies, the word "clerk" must signify the clerk of the county in which the action was triable, namely, the clerk of the county in which the judgment roll was filed. That construction harmonizes with said section 2467, which requires the order appointing the receiver to be filed where the judgment roll in the action is filed. It is unnecessary to determine the purpose of the provision that such a remedy is a special proceeding, because it is plain that it is not a special proceeding brought in, or by the authority of, the Supreme Court like mandamus, certiorari, and the like. That view is reinforced by a more critical examination of the provisions specifically applicable to supplementary proceedings. The very description of the proceeding is significant; it is supplemental to an execution. The execution has to be issued to the sheriff of the county in which the judgment debtor resides (Section 2458), but it must be returned to the clerk with whom the judgment roll is filed (Section 1366), and so the order for the examination of the judgment debtor must require his attendance either before the judge to whom the order is returnable, or before a referee designated therein (Section 2442) in the county where the judgment debtor resides. (Section 2459.) Where the order is issued by a justice of the Supreme Court, it need not be issued by, or be returnable to, him in a particular county. (See section 2434.) The judgment debtor in this case could not be required to attend and be examined outside of Kings county, but the examination was only a part of the proceeding. It so happened that the order appointing the receiver was in fact made by a judge sitting in Kings county, but the proceedings could have been made returnable before him and the order could

have been made in some other county, and certainly it would not be urged that the mere accident of a judge happening to be in a given county when he made the order would determine that county as the place in which to file the receiver's bond. The issuing of an execution upon a judgment is a proceeding in the suit, and so are the proceedings supplementary thereto. (*Wegman* v. *Childs*, 41 N. Y. 159; *Ward* v. *Roy*, 69 N. Y. 96.) Those decisions, it is true, were made prior to the passage of said section 2433 of the Code of Civil Procedure. None the less, I think that as far as the question before us is concerned, the proceeding, though for some purposes a special proceeding, is still but supplementary to the execution and in aid of the judgment, and a proceeding in the action, at least for the purpose of determining where papers are to be filed, especially so in view of the specific provision requiring the order appointing a receiver to be filed in the county wherein the judgment roll in the action was filed.

Nothing to the contrary was decided in *Matter of Backus* (91 App. Div. 266), affirmed on the prevailing opinion below (179 N. Y. 571). The decision in that case turned on the construction of section 2273 of the Code of Civil Procedure relating to proceedings to punish for contempt of court.

If then, as we hold, the statute required the bond of the receiver to be filed in Nassau county, that requirement could not be dispensed with. It is quite plain that the provisions in the original order requiring both the bond and the order to be filed in Kings county were the result of an oversight. By the amending order the error was corrected as to the filing of the order itself, but not as to the bond. This case involves the title to property depending upon the compliance with statutory requirements, and, therefore, does not present the question involved in *Wright* v. *Nostrand* (94 N. Y. 31), in which the receiver's right to maintain the action did not depend upon

the question of title to property. Under the statute the property of the judgment debtor vests in a receiver "who has duly qualified" (Section 2468), and that title extends back by relation to the commencement of the proceeding. (Section 2469.) The receiver is not duly qualified until he has given the bond required and filed it with the proper clerk, who, as we hold in this case, was the clerk of Nassau county. The judge could no more require the bond to be filed in some other county than he could dispense with the filing of it altogether.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CARDOZO and SEABURY, JJ., concur; HOGAN, J., dissents.

Judgment affirmed.