affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought by the plaintiff to recover the sum of $600,000 from the defendant by reason of its alleged breach of a contract of employment dated October 3, 1919, pursuant to the terms of which contract the defendant employed the plaintiff, and the plaintiff undertook to serve the defendant, in the capacity of an editor and general manager, for the term of his, plaintiff's, natural life, in the publication of a weekly sporting paper owned by the defendant, and known as the *National Police Gazette*. The result of the trial was a verdict in favor of the plaintiff for the sum of $200,000. The plaintiff, in his complaint, pleaded the contract, alleged the performance of his duties under it up to the time when, he asserted, he was, without cause, discharged by the defendant, and hence suffered the damages sued for. The defendant pleaded a general denial; also that the contract was *ultra vires;* further that it had been obtained by misrepresentations and undue influence; and further that the plaintiff's employment was duly terminated for cause.

*Robert H. Elder* and *Otho S. Bowling* for appellant.

*Hersey Egginton, Albert Conway, Douglas R. Gray* and *Alvah W. Burlingame, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

J. HERMON McLEAR, Appellant, *v.* JOSEPH BALMAT et al., Defendants, NORTHERN ORE COMPANY, Respondent, and SYLVIA LAKE COMPANY, INC., et al., Appellants.

*Real property — partition — validity of leases of mineral rights and of options to purchase.*

*McLear* v. *Balmat*, 207 App. Div. 870, affirmed.

(Argued April 10, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 3, 1924, modifying and affirming as modified an interlocutory judgment of parti-

tion and sale entered upon a decision of the court on trial at Special Term. The action was brought to partition all of the mines and minerals in a farm of about 169 acres in the town of Fowler, St. Lawrence county. The title of the surface of the land is not involved in the action, the separate estate in the minerals having been created by a reservation in a conveyance made in 1889. The appellants in the aggregate own all of the legal title of the minerals except 42/780ths owned by the respondent Northern Ore Company. The different questions presented on the appeal grow out of two mineral leases made in 1903 purporting to grant the exclusive right to mine and remove certain specified minerals from the premises for the term of twenty-five years upon payment of a royalty of twenty-five cents per gross ton to the cotenants executing such leases. These leases also contained options under which the lessors purported to grant the lessees the privilege to purchase the interests of the lessors in the specified minerals so leased.

The following questions were certified:

" 1. Is the Northern Ore Company entitled to the enforcement of the options to purchase contained in the two leases dated September 13, 1903, Exhibits 15 and 16, in this action as provided in the judgment of Special Term as modified by the Appellate Division?

" 2. Should the judgment herein provide for the sale of the property free and clear of the two leases dated September 13, 1903, Exhibits 15 and 16, and the options therein contained? "

*George W. Parker* for plaintiff, appellant.

*Alton B. Parker, Herbert G. McLear, James C. Dolan, Frederic S. Marsell* and *Dallas M. Hazelton* for defendants, appellants.

*Francis E. Cullen* and *Earl Bancroft* for respondent.

Judgment affirmed, with costs; first question certified answered in the affirmative; second question in the negative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.