J. HERMON McLEAR, Appellant, v. JOSEPH BALMAT and Others, Defendants, Impleaded with NORTHERN ORE COMPANY and Others, Respondents, and SYLVIA LAKE CO., INC., and Others, Appellants.*

Third Department, June 22, 1928.

* Revg. 129 Misc. 805.

*George W. Parker* [*James C. Dolan* and *Wallace T. Stock* of counsel], for the plaintiff and the defendant E. Lilian McLear.

*McLear & McLear* [*Herbert G. McLear* of counsel], for the defendants Sylvia Lake Co., Inc., and Dominion Company of New York.

*Frederic S. Marsell,* for the defendant Green Hill Mining Co., Inc. . \ \ \ \ ' \ \ \ \ .

*Dallas M. Hazelton,* appellant in person.

*Purcell, Cullen & Pitcher* [*Francis E. Cullen* of counsel], for the respondent Northern Ore Company.

*George E. Van Kennen,* for the respondents International Pulp Company and Union Talc Company of Gouverneur.

HILL, J. This appeal from an order denying appellants' motion for a new trial upon the ground of newly-discovered evidence, raises the question of a draftsman's failure to correctly express in words the agreement made by the parties. The action is for the partition of mineral rights in land. The title to twelve-thirteenths thereof, held by the defendant Northern Ore Company, was obtained through the exercise by them of an option to purchase all mineral rights connected with certain lands " except talc, talcous rock and soapstone or other similar substances covered by outstanding leases now in effect." It has been finally determined and decided that the foregoing exception reserved to the grantors the talc, etc., which might be removed during and under certain leases which will expire in 1930, and that thereafter the fee to such deposits passes to the grantee. The case has been tried twice (194 App. Div. 827; 207 id. 870). At the first trial the ore company conceded and adopted the theory that the exception reserved to the grantors the fee to the deposits. Other issues not now involved were litigated and a decision made, which was reversed. Upon the second trial the attorney for the ore company did not disclose any change in theory. The president of the ore company was interrogated as to whether it claimed the fee to the talc deposits. He did not state its position, but referred the questioner to the language of the option and his company's formal acceptance.

The necessity for finality in litigation is presented. This matter has been before the courts for eight years, but the failure of the ore company to frankly state, upon the second trial, the change in its interpretation of the exception presents a reasonable excuse for plaintiff's failure to produce upon the trial the two witnesses whose affidavits are the basis of this motion. It has been decided that the language of the exception reserved the talc which may be removed under the leases but not the fee. The grantors were

represented in the original negotiations by DeAlton Balmat; the grantees by one of the copartners of the ore company's assignor. Each states in an affidavit that it was agreed that the mineral rights connected with the premises, except talc, talcous rock and soapstone deposits, were to be conveyed; that this was told to the draftsman and he was instructed to prepare such an agreement. The grantors were informed when they executed the instrument that the fee to the talc was reserved. The inclusion in the grant of the fee to the talc deposits was a mistake made by the draftsman. If this evidence is true, it would change the result.

Mr. Justice WASHINGTON, in *Hunt* v. *Rousmaniere's Administrators* (1 Pet. 1, 13) says: " * * * Where an instrument is drawn and executed, which professes, or is intended, to carry into execution an agreement, whether in writing or by parol, previously entered into, but which, by mistake of the draftsman, either as to fact or law, does not fulfill, or which violates the manifest intention of the parties to the agreement, equity will correct the mistake * * *." The same doctrine is held in *Pitcher* v. *Hennessey* (48 N. Y. 415); *Maher* v. *Hibernia Insurance Company* (67 id. 283); *Susquehanna S. S. Co.* v. *Andersen & Co.* (239 id. 285); *Isaacs* v. *Schmuck* (245 id. 77).

Appellant's claim is strengthened by respondent's concession upon the first trial that the fee to the talc deposits was reserved. Grantors were giving an option permitting the purchase, for $10,000, of pyrite zinc deposits of uncertain value. It does not seem reasonable that they would include, for such sum, property from which a minimum royalty of $1,500 per year was being received.

The order of the Special Term, denying appellant's motion for a new trial upon the ground of newly-discovered evidence, should be reversed on the law and the facts, and the motion to set aside the judgment and for a new trial should be granted, with costs to appellant to abide the event.

DAVIS and HASBROUCK, JJ., concur; HINMAN and WHITMYER, JJ., dissent.

The order of the Special Term, denying plaintiff's motion for a new trial upon the ground of newly-discovered evidence, is reversed on the law and facts, and the motion to set aside the judgment and for a new trial is granted, with costs to the appellant to abide the event.