J. HERMON McLEAR, Appellant, *v.* JOSEPH BALMAT and Others, Defendants, Impleaded with NORTHERN ORE COMPANY and Others, Respondents, and SYLVIA LAKE Co., INC., and Others, Appellants.

Third Department, October 31, 1928.

*McLear & McLear*, for the appellants Sylvia Lake Co., Inc., and Dominion Company of New York.

*Purcell, Cullen & Pitcher*, for the respondent Northern Ore Company.

*Castle & Fitch*, for the International Pulp Company and Union Talc Company.

HILL, J. An interlocutory judgment herein directing the sale of mineral rights and a distribution of the proceeds among those adjudged to be the owners thereof, has been affirmed by this court (207 App. Div. 870) and the Court of Appeals (238 N. Y. 568). This motion to resettle and modify the order and decisions of this court arose out of the appeal from the final judgment. Thus it was an effort to review the same questions which had been decided. If no other questions had been involved, the affirmance of this final judgment would have followed the earlier decision. There was included, however, an appeal from an order denying a motion for a new trial upon the ground of newly-discovered evidence. A majority of this court decided that the motion should have been granted. (224 App. Div. 306.) The new evidence bears upon the ownership of twelve-thirteenths of the fee to the talc deposits

remaining after the expiration of the lease of October 15, 1910. The Northern Ore Company owns thirty seven hundred and eightieths of the mineral rights, Sylvia Lake Company fifteen seven hundred and eightieths, Green Hill Mining Company fifteen seven hundred and eightieths. The aggregate of these three is the one-thirteenth of the fee which originally was owned by tenants in common who did not join in the option. The fee of the remaining twelve-thirteenths is claimed both by the Northern Ore Company, purchaser under the option, and the grantees of the original owners who gave the option, such grantees, respectively, owning the following fractional parts of the whole: Sylvia Lake Co., Inc., five hundred and ninety-seven seven hundred and eightieths; Dominion Company of New York, sixty-nine seven hundred and eightieths; Dallas M. Hazelton, twelve seven hundred and eightieths; Northern Ore Company, twelve seven hundred and eightieths, and J. Hermon McLear, thirty seven hundred and eightieths.

The new evidence concerns only the ownership of the fee of twelve-thirteenths of the talc, talcous rock, soapstone and other similar substances. Appellants argue that the decision of that question will involve the legality of the option upon which the title of the Northern Ore Company depends, because as a matter of law, all cotenants must join in conveying a part of the common property, and that if it be determined that this option does not include all of the mineral rights owned in common, it is invalid. This claim was answered adversely to these appellants upon the appeal following the first trial in this case (194 App. Div. 827). Upon that appeal the Northern Ore Company only claimed to have an option to purchase mineral rights other than talc from the owners of twelve-thirteenths thereof (pp. 829, 836, 837) and that decision was affirmed by the Court of Appeals (231 N. Y. 548). In view thereof, it seems unnecessary to multiply citations showing that the potential grantee for value under an option from a part of the common owners had, as a defendant, equitable rights which would be recognized.

The issue as to the ownership of the fee to the talc is separate and independent from the other issues, which have been fully litigated and decided, and a trial of that alone is proper. (*City of Buffalo* v. *D., L. & W. R. R. Co.*, 176 N. Y. 308; *Altman* v. *Hofeller*, 152 id. 498; *United Paperboard Co.* v. *Iroquois Pulp & Paper Co.*, 216 App. Div. 639.)

A sale of all the mineral rights has been made, subject to the talc leases, dated September 3, 1892, and October 15, 1910, held by the defendants Union Talc Company of Gouverneur and the International Pulp Company. The fee of the talc remaining after

the expiration of the leases was included in the sale. The defendant Northern Ore Company was the purchaser. Upon this motion they have presented a stipulation consenting that if the new trial granted herein is limited to the issue whether all of the talc, talcous rock, soapstone and similar substances contained in the premises sought to be partitioned in this action was excluded from the lease and option, or whether there was excepted only so much of said talc, talcous rock, soapstone and similar substances as was covered by outstanding leases in effect September 13, 1903, and if upon that trial and any appeal from the judgments entered thereon, it shall finally be adjudicated that said talc, talcous rock, soapstone and other similar substances are entirely excluded from such lease and option, they will, without consideration, release and quit-claim any interest in said talc, talcous rock, soapstone or other similar substances which the referee's deed in partition, recorded in the St. Lawrence county clerk's office in liber 247 of Deeds, at page 271, may appear or purport to have conveyed to them, to the parties determined by such adjudication to be the owners of such talc, talcous rock, soapstone and similar substances, as their interests may be adjudicated upon said new trial and appeals, or to the purchaser of such talc, talcous rock, soapstone and other similar substances at a referee's sale thereof in partition.

The decision herein should provide for the trial of the one issue mentioned. The order therefor should contain provisions carrying out the terms of the stipulation.

HINMAN, DAVIS, WHITMYER and HASBROUCK, JJ., concur.

The order of reversal and for a new trial, entered in the clerk's office of this court on June 26, 1928, and in St. Lawrence county clerk's office on June 29, 1928, is resettled, modified and amended so as to provide that the only issue upon which a new trial is granted is whether all of the talc, talcous rock, soapstone and similar substances contained in the premises were excluded from the lease and option or only so much of said talc, talcous rock, soapstone and similar substances as was covered by outstanding leases in effect September 13, 1903.

The final judgment appealed from, as so modified and as further modified by the stipulation filed on this motion by defendant Northern Ore Company, is affirmed, with one bill of costs to the appellant.

Motion for reargument is denied. Order to be settled before HILL, J., on five days' notice.