## WILLIAMS v. NEW YORK ZINC CO., Inc., et al.

Circuit Court of Appeals, Second Circuit. November 12, 1928.

No. 6.

McLear & McLear, of New York City (Edwin L. Garvin and Wallace T. Stock, both of New York City, of counsel), for appellant.

Platt, Field & Taylor, of New York City (Martin Taylor and Nathaniel T. Guernsey, Jr., both of New York City, of counsel), for appellee Heckscher.

Henry P. Brown, of Philadelphia, Pa., and Everett, Clarke & Benedict, of New York City (A. Leo Everett and James Maxwell Fassett, both of New York City, of counsel), for other appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). A clearer case of laches than the present can hardly be stated. Complainant brought his suit in the state court in 1906, asking for a dissolution of the partnership with Pilling and Crane and for the appointment of a receiver. In 1909 his attorney, Squires, was urging that the sale be held as soon as possible; in 1910, he made bids at the sale. He received a portion of the proceeds as costs, and thereafter, for some 12 years, remained acquiescent, except to protest against the delivery of the receiver's deed to the Northern Ore Company in 1922. He knew the mining properties were being operated by the defendants, but for years did and said nothing, until 1922, when he first discovered the irregularity of the failure to file a receiver's bond. On this appeal he relies upon the failure to file a bond, and refers to section 715 of the New York Code of Civil Procedure. That section provided that:

"A receiver, appointed in an action or special proceeding, must, before entering upon his duties, execute and file with the proper clerk, a bond to the People, with at least two sufficient sureties, in a penalty fixed by the court, judge, or referee, making the

appointment, conditioned for the faithful discharge of his duties as receiver. * * *"

The state court, in the suit which wound up the partnership between complainant and Pilling and Crane, disposed of every issue by ordering a sale, confirming the sale, and distributing the proceeds. It is, therefore, quite necessary for the complainant, if he seeks to avoid the bar of the state decree invoked by the defendants, assignees in interest of Pilling and Crane, to establish that the state court was without jurisdiction and the sale was absolutely void.

In support of this contention, appellant cites Mulstein v. City of New York et al., 213 N. Y. 308, 107 N. E. 651, where it was held that a receiver in supplementary proceedings, who had not filed his bond, took no title to the property of the judgment debtor, which accordingly became subject to liens filed subsequent to the date of the receiver's appointment. But it was not necessary here for the receiver to take title. He was a chancery receiver, in a suit brought for the dissolution of a partnership.

In Keeney v. Home Insurance Co., 71 N. Y. at page 401, 27 Am. Rep. 60, the New York Court of Appeals said of a receiver in a suit to wind up a partnership:

"The title to the property is not changed by the appointment. The receiver acquires no title, but only the right of possession as the officer of the court. The title remains in those in whom it was vested when the appointment was made."

So it was held by the General Term of the New York Supreme Court in Holmes v. McDowell, 15 Hun, 585, that the provision of section 715 of the Code of Civil Procedure, requiring a receiver to give a bond with two sureties, did not affect the jurisdiction of the Supreme Court to appoint a receiver in suits to wind up partnerships, which was a part of its general prerogative as a court of chancery. The court said:

"Having this general power, it follows that the mode and manner of its exercise, unless declared to be jurisdictional, is directory only."

This decision was affirmed by the Court of Appeals, on the prevailing opinion below, at 76 N. Y. 596.

In Mulstein v. City of New York, supra, the court called attention to the distinction between that case and Wright v. Nostrand, 94 N. Y. 31, where an irregularity in the appointment of a receiver in supplementary proceedings had been held to make no difference, because title was not necessary to support the action, and said in respect to the situation in the Mulstein Case:

"This case involves the title to property depending upon the compliance with statutory requirements, and, therefore, does not present the question involved in Wright v. Nostrand, 94 N. Y. 31, in which the receiver's right to maintain the action did not depend upon the question of title to property."

In the case at bar the receiver acted, not as the holder of the legal title, but as a mere arm of the court in making the sale. His failure to file a bond was not jurisdictional, and while the mistake should have been corrected by the court, on a seasonable application to it, the neglect was an irregularity, which did not affect the validity of the proceedings in the state court, or of the title acquired by the purchaser at the receiver's sale. Sproule v. Davies, 171 N. Y. 277, 63 N. E. 1106.

Moreover section 1242 of the New York Code of Civil Procedure provided that real property must be sold in the county where situated, "by the sheriff of the county or by a referee, appointed by the court for that purpose, who must execute a conveyance to the purchaser," and section 1243 added that, where a referee was appointed by the court to sell real property, "the court may provide for his giving such security as the court deems just."

While Johnson was in terms appointed receiver to make the sale and referee to state the accounts, no duty was imposed upon him which he could not have performed as referee. He purported to do nothing as receiver, so far as the record shows, except make a sale and distribute the proceeds as a master in chancery. We hold the neglect to file a bond was a matter not affecting the jurisdiction of the state court, or the validity of the sale. Not only is this so, because the requirements of section 715 of the Code did not go to the jurisdiction of the court to appoint a chancery receiver, but also because the court under any theory had power to appoint a referee to sell, and Johnson under whatever name he acted was a referee to sell in fact.

It is also significant that the validity of the sale and of the title of the Northern Ore Company was attacked in McLear v. Balmat, 238 N. Y. 568, 144 N. E. 895, upon the very grounds urged here. We have examined the record in that case, and find that the appellant there relied on Mulstein v. City of New York, supra, as showing that the failure to file a bond was fatal to the conveyance by

the receiver. While the point is not discussed in the opinion of the Appellate Division, and the Court of Appeals delivered no opinion, there is ground for the contention of the appellee that the New York courts regarded the deed as passing a good title. The decision, therefore, appears to be a precedent substantiating the conclusion we have reached.

The state court validated its sale on notice to all interested parties. It had jurisdiction of the subject-matter, and full faith and credit must be given to its decree. Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039.

It is contended by the complainant that the purchaser at the receiver's sale had no title, legal or equitable, until the delivery of the deed in 1922. But the decree of the state court in all respects confirmed the purchase and ordered a distribution of the purchase money. This was quite different from the case of a bidder who had not paid all of the purchase money, like that in Cramp v. Dady, 162 App. Div. 321, 147 N. Y. S. 619. In Cheney v. Woodruff, 45 N. Y. 100, while the Court of Appeals held that a purchaser at a foreclosure sale, who had not paid all of the purchase money, was not entitled to sue tenants for rents accruing prior to the delivery of the deed, it stated that the doctrine of relation is limited "to the time when the deed should have been delivered, when it was due by the contract, and its nondelivery was not caused by any failure of the party seeking the relief." Where the purchaser has done everything on his part to fulfill his contract, and the failure to obtain his deed is due to the neglect of some one else, there can be no doubt that he holds the equitable title, that equity will regard as done what ought to be done, and that the deed relates to the time when it should have been delivered. Jackson v. Dickenson, 15 Johns. (N. Y.) at page 313, 8 Am. Dec. 236; Rich v. Baker, 3 Denio (N. Y.) 79; Gates v. Smith, 4 Edw. Ch. (N. Y.) 702; Wright v. Douglass, 2 N. Y. at page 377; In re Burr Mfg. & Supply Co. (C. C. A.) 217 F. 16.

But, aside from all these questions of compliance with strict legal requirements, the complainant is barred from relief on grounds of waiver and laches. His attorney moved for the appointment of the receiver, and upon his motion the appointment was made by an order which required no bond, very likely with the deliberate purpose of saving expense. Exhibit G-14. The knowledge of the attorney that the order required no bond was the knowledge of the complainant. The purchasers at a sale held by virtue of the order paid such cash as was necessary to complete the purchase, and the accounts of the partnership were adjusted by decree of the New York court. The complainant himself was aware that the premises were thereafter being operated for years at the expense of the assignees of the purchasers, and, in the face of this knowledge, never claimed, or even believed, that he had any interest in them. Finally, 12 years after the sale, he discovered no new facts, but what he deems to have been the legal irregularity of the lack of a receiver's bond, and upon this technicality seeks to recover a share of the earnings of the mines. The statutory provision requiring a receiver's bond is plainly made for the protection of the parties concerned. There can be no reason for not permitting a waiver of such a provision by the parties themselves, where no rights of the public or third parties are involved. Matter of Cooper, 93 N. Y. at page 512; Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650, 37 Am. St. Rep. 569; Mayor v. Manhattan Ry. Co., 143 N. Y. at page 26, 37 N. E. 494; People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. at page 456, 67 N. E. 78, 95 Am. St. Rep. 596. Not only did complainant deliberately elect to have the sale under which the person appointed to conduct it was required to furnish no bond, but he allowed the property to be bid in, the cash to be distributed, and the assignees of the purchasers to go to large expenditures in the development of the property. The proof of a waiver is complete.

That the complainant was guilty of laches is equally clear. Johnston v. Standard Mining Co., 148 U. S. 360, 13 S. Ct. 585, 37 L. Ed. 480; Abraham v. Ordway, 158 U. S. 416, 15 S. Ct. 894, 39 L. Ed. 1036; Patterson v. Hewitt, 195 U. S. 309, 25 S. Ct. 35, 49 L. Ed. 214.

Error was assigned upon the ground that the trial court refused to reopen the case, in order that the complainant might dispute his stipulation that the partnership between himself and Pilling and Crane was indebted to the latter in the sum of $20,000 and upward, and might prove that this indebtedness had been repaid. The ruling was correct. The only forum where such relief could be granted was the state court, the order of which, reciting the stipulation and entered upon it, would have to be modified.

Upon no tenable theory has the complainant shown any right to recover.

The decree dismissing the bill is accordingly affirmed.