HELENA F. COLLINS, Plaintiff, v. CENTRAL TRUST COMPANY OF ROCHESTER, N. Y., and Others, Defendants.*

Supreme Court, Monroe County, December 31, 1929.

*Castle & Fitch* [*George S. Van Schaick* of counsel], for the motion.

*Fowler & Wegner* (*H. H. Cohen* of counsel], opposed.

RODENBECK, J. There should be a new trial in this case, so that all the relations between the plaintiff and the deceased may be gone into bearing upon the validity of the transaction between them relating to the cancellation of the bond and mortgage in question. The character of the transaction, whether an absolute gift or testamentary, depends upon its voluntary character, and the issue heretofore tried is necessarily involved in the new issue of undue influence. The judgment cannot be vacated and the retrial confined to the new issue as the witnesses heretofore offered by the plaintiff have not been cross-examined in the light of the new defense. An orderly trial of the issue now presented would seem to require a trial *de novo*. If the matter could go back to the same justice who tried the case, for its continuance, a new trial as to the new issue alone might be granted, but that is impossible, and any new justice trying the case should not be bound by the decision heretofore rendered, inasmuch as the new evidence may bear upon the old as well as the new issue. There is not a sharp line between the issues as to the nature of the transaction, as a voluntary, irrevocable and unconditional gift and as testamentary in character. They all involve transactions with the deceased, and the inferences from the testimony may vary according to the issues presented.

The preliminary requirements to granting a new trial seem to be present. The alleged meretricious and confidential relations of the parties raise a presumption that should be overcome, and the full circumstances of these relations could not have been known until the trial in the Surrogate's Court. Laches can hardly be charged under the circumstances. The invalidity of plaintiff's claim before the surrogate, and the instrument upon which it is based, also reach into the merits of the judgment in this action, as this agreement was interposed in evidence to sustain the issues presented. The agreement may not be offered on a retrial, but no stipulation can be made on that subject. Even if the plaintiff's case, on a retrial, is confined to the receipt and oral evidence of a gift, *in presenti*, the defendants would have the right to cross-examine the witnesses as to the circumstances bearing upon the new issue. It would be confusing and incongruous to let the judgment stand and still subject these witnesses to a cross-examination which

may establish the defense of undue influence, and thus affect the former decision. The case is unlike *McLear* v. *Balmat* (224 App. Div. 366).

But the situation is not one of the plaintiff's creation, and she should not be penalized with a second trial by reason of the failure of the defendants to set up the proposed defense of undue influence. Meritorious claims may fail by reason of lack of funds adequately to prosecute them. And so, while a new trial is granted of all the issues, the motion is granted upon the condition that the defendants pay the usual costs on such a motion, and, in addition thereto, the sum of $750 as an additional allowance to cover the expenses and disbursements of such a retrial. (*Halfmoon Bridge Co.* v. *Canal Board*, 213 N. Y. 160.)

So ordered.